CARLETON L. BRIGGS, SBN 117361
Law Offices of Carleton L. Briggs
740 Fourth Street, Suite 202
Santa Rosa, California 95404-4421
Telephone: (707) 523-2251, Cell: (707) 280-6323
Facsimile: (707) 523-2253
E-mail: clbriggs@sonic.net

Attorneys for Plaintiff Franklin M. Jones

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN M. JONES, an individual, <br><br> Plaintiff, <br><br> vs. <br><br> BERTRAND P. LEGRAND, an individual, <br><br> Defendant. | Case No. <br><br> **COMPLAINT FOR:** <br><br> 1. Defamation [Slander] <br> 2. False Light Invasion of Privacy <br> 3. Intentional Infliction of Emotional Distress <br><br> JURY TRIAL DEMANDED |

### JURISDICTION AND VENUE

1. This is a civil action between citizens of different states, and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs. Because there is complete diversity of citizenship between Plaintiff and Defendant, the Court has original jurisdiction under 28 U.S.C. § 1332(a).

2. Venue is proper under 28 U.S.C. § 1391(b)(1) because Defendant resides and is domiciled in the State of California and in the Northern District, and venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District.

## THE PARTIES

3. Plaintiff Franklin M. Jones ("Jones") is a 70-year-old retired veteran residing in the City of Cocoa, Brevard County, Florida. Jones is domiciled in, and a citizen of, the State of Florida. He has five adult children, one son, Zeden Mathus Jones, and four daughters, Resa, Alaska, Icie ("Icie") and Cassandra.

4. Defendant Bertrand P. Legrand ("Legrand") resides in the City of Menlo Park, San Mateo County, California. Legrand is domiciled in, and a citizen of, the State of California.

## ALLEGATIONS COMMON TO ALL CLAIMS

5. Jones's daughter Icie married Legrand on July 16, 2005, and she filed for dissolution on March 20, 2019. That night, Legrand threatened retaliation on Icie, their four children and Icie's family. A contentious court battle ensued.

6. On or abut April 8, 2019, Legrand filed a request in the family law case for a temporary restraining order against Jones falsely accusing him, *inter alia*, of stalking Legrand and of having molested two of Jones's daughters, Alaska and Cassandra, and claiming that Jones was a threat to the four young children of Icie and Legrand. On information and belief, Legrand also made these statements to others, including family members, outside the court process, within the past year.

7. Alaska and Cassandra each denied under penalty of perjury that Jones had molested them or in any way acted inappropriately toward them. Legrand admitted in discovery responses under penalty of perjury that he in fact had no personal knowledge that Jones had molested his daughters but maintained that Icie had told Legrand that Jones had molested them. Icie denied under penalty of perjury that she had told this to Legrand. Legrand withdrew his request for a restraining order against Jones on or about October 4, 2019, without admitting his claims were false.

8. Jones did not discover that Legrand had falsely accused him to others, outside the court process, of being a child molester until May of 2020.

### First Claim

### Defamation (Slander)

9. Paragraphs 1–8 are part of this cause of action.

10. The statements by Legrand are false, defamatory, understood to be statements of fact, and were made with the intent to harm Jones's reputation.

11. The statements are slander per se, that is, slanderous on their face. They state directly or by implication, without further explanation, that Jones is a dangerous person who has committed felonies by molesting two of his daughters and that he is a present threat to his own grandchildren. The statements expose Jones to hatred, contempt, ridicule, and humiliation and have the potential to cause substantial harm, poisoning his relationships with his 10 grandchildren, which he treasures.

12. Legrand knew when he published the statements to others including family members, outside the court process, that the statements he made were false, or he acted with reckless disregard for their truth or falsity.

13. As a proximate result of the above-described publications, Jones has suffered loss of his reputation, shame, mortification, and injury to his feelings, all to his damage in an amount to be established at trial, but in no case less than $75,000.

14. None of the statements was privileged because Legrand published them with malice, hatred, and ill will toward Jones and with the desire to injure his reputation. Because Legrand acted with malice in publishing the statements, Jones seeks exemplary damages in an amount to be established at trial.

//

//

//

## SECOND CLAIM

## FALSE LIGHT INVASION OF PRIVACY

15. Paragraphs 1–14 are part of this cause of action.

16. The false statements repeated to others including family members, outside the court process, intentionally made public private matters concerning Jones. Those statements unreasonably placed him in a false light and violated his privacy. They portray Jones as a dangerous person who would commit, and has already committed, multiple heinous felonies, i.e. child molestation.

17. Legrand knew when he published his allegations to others including family members, outside the court process, that the statements he made were false, or he acted with reckless disregard for their truth or falsity. Legrand knew or should have known that the publication of the false statements would place Jones in a false light.

18. In addition, as a direct and proximate result of the above-described statements and depictions, Jones may continue to suffer significant damage not only to his personal reputation, but particularly among those who do not know Jones personally.

19. All of the above-described damages are in an amount which cannot presently be ascertained but which plaintiff is informed and believes are in excess of the $75,000 jurisdictional limit, according to proof at trial.

20. Legrand acted intentionally, knowing that his statements about Jones were false, or he acted with reckless disregard as to their truth or falsity. His conduct was intended to injure Jones, and was done with a willful and conscious disregard of Jones's rights, reputation, and safety. Therefore, Jones is entitled to exemplary damages in an amount sufficient to punish Legrand and deter him from such conduct in the future.

//
//
//
//

### THIRD CLAIM

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

21. Paragraphs 1–20 are part of this cause of action.

22. Legrand knew that statements made to others including family members, outside the court process, were false. He had a duty to exercise due care to ensure that any statements he published to others were true and accurate depictions of Jones.

23. Legrand knew, or should have known, that his actions in making false and defamatory statements would cause Jones to suffer severe emotional distress because of their effect on his personal relationships as well as the harm they could cause to his reputation.

24. Legrand's conduct in publishing the false and defamatory material about Jones was intentional and malicious and done for the purpose of causing, and did cause, Jones to suffer humiliation, mental anguish, and emotional and physical distress.

25. As a proximate result of Legrand's actions and the consequences they proximately caused, Jones has suffered severe humiliation, mental anguish, and emotional and physical distress, and he has been damaged in excess of the $75,000 jurisdictional limit, according to proof at trial.

26. Legrand acted intentionally, knowing that his statements about Jones were false, or he acted with reckless disregard as to their truth or falsity. His conduct was intended to injure Jones and was done with a willful and conscious disregard of Jones's rights, reputation, and safety. Therefore, Jones is entitled to exemplary damages in an amount sufficient to punish Legrand and deter him from such conduct in the future.

**WHEREFORE**, Plaintiff prays judgment against Defendant as follows:

*On the First Claim:*

1. For general damages according to proof at trial, but not less than $75,000;

2. For special damages according to proof at trial;

3. For presumed damages;

4. For exemplary and punitive damages;

5. For costs of suit incurred herein; and

6. For such other and further relief as the Court deems just and proper;

*On the Second and Third Claims:*

7. For general damages according to proof at trial, but not less than $75,000;

8. For special damages according to proof at trial;

9. For exemplary and punitive damages;

10. For costs of suit incurred herein; and

11. For such other and further relief as the Court deems just and proper.

Dated: June 3, 2020                    Law Offices of Carleton L. Briggs

                                                  /s/ Carleton L. Briggs
                                                  CARLETON L. BRIGGS
                                                  Attorneys for Plaintiff Franklin M. Jones

### DEMAND FOR JURY TRIAL

Plaintiff Franklin M. Jones hereby demands trial by jury in this action.

Dated: June 3, 2020                    Law Offices of Carleton L. Briggs

                                                  /s/ Carleton L. Briggs
                                                  CARLETON L. BRIGGS
                                                  Attorneys for Plaintiff Franklin M. Jones