James Cai (SBN 200189)
Brian A. Barnhorst (SBN 130292)
SAC ATTORNEYS LLP
1754 Technology Drive, Suite 122
San Jose, CA  95110
Telephone:  (408) 436-0789
bbarnhorst@sacattorneys.com

Attorneys for Defendant,
BERTRAND P. LEGRAND

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN M. JONES, an individual,<br><br>                                     Plaintiff,<br><br>v.<br><br>BERTRAND P. LEGRAND, an individual,<br><br>                                     Defendant. | Case Number: 3:20-cv-03688-SK<br><br>**NOTICE OF *AMENDED*[1] MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT, MOTION TO DISMISS, AND REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM**<br>**[Cal. Code Civ. Proc. § 425.16; Cal. Civ. Code § 48.7; FRCP 12(b)(6)]**<br><br>Date:   September 14, 2020<br>Time:   9:30 a.m.<br>Dept:   Courtroom C, 15th Floor |

---

[1] Defendant filed his original anti-SLAPP motion on July 14, 2020. On July 15, 2020, the Court Clerk directed Defendant to re-notice the motion (originally set for August 10, 2020) to comply with the 35-day notice requirement of Local Rule 7-2. On July 20, 2020, Plaintiff filed an amended complaint. Consistent with California law, the Court may consider and rule on the original motion and award fees pursuant to subsection (c)(1) of Code of Civil Procedure section 425.16. See, e.g., *Sylmar Air Conditioning v. Pueblo Contracting Services, Inc.*, 122 Cal. App. 4th 1049, 1054-55 (2004).

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that, on Monday, September 14, 2020, at 9:30 a.m., or as soon thereafter as the matter may be heard in Courtroom C, 15th Floor, of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102 (Phillip Burton Federal Building & United States Courthouse), Defendant, BERTRAND P. LEGRAND ("LEGRAND"), will and he hereby does move this Court for an order, pursuant to California Code of Civil Procedure section 425.16 and California Civil Code section 48.7:

- Striking the First Amended Complaint (the "FAC") herein filed on July 20, 2020, by Plaintiff, FRANKLIN M. JONES ("Plaintiff"), and each cause of action therein;

- Dismissing Plaintiff's claim for defamation pursuant to California Civil Code section 48.7 for having failed to comply with subsection (c) thereof;[2] and

- Pursuant to California Code of Civil Procedure section 425.16(c)(1)[3] and California Civil Code section 48.7(d),[4] requiring Plaintiff to pay LEGRAND's attorneys' fees of at least $12,000 and related costs that he has incurred in connection with this motion and the motion filed prior to the filing of the FAC.

This motion is made pursuant to California's anti-SLAPP statute (Code of Civil Procedure section 425.16 et seq.)[5] and California Civil Code section 48.7 on the following grounds:

/ / / / /

/ / / / /

---

[2] "Every complaint for libel or slander based on a statement that the plaintiff committed an act of child abuse shall state that the complaint is not barred by subdivision (a). A failure to include that statement shall be grounds for a demurrer." Cal. Civ. Code §48.7(c).

[3] "[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Code Civ. Proc. §425.16(c)(1).

[4] "Whenever a demurrer against a complaint for libel or slander is sustained on the basis that the complaint was filed in violation of this section, attorney's fees and costs shall be awarded to the prevailing party." Cal. Civ. Code §48.7(d).

[5] "Applying the familiar framework of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), and its progeny, we have long held that the anti-SLAPP statute applies to state law claims that federal courts hear pursuant to their diversity jurisdiction. *See United States ex rel. Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999)." *Hilton v. Hallmark Cards*, 599 F.3d 894, 900 n.2 (9th Cir. 2010).

1. Each of the claims and causes of actions asserted in the FAC arises from acts by LEGRAND in furtherance of his rights of petition and free speech under the United States Constitution and the California Constitution;

2. The claims and causes of actions are based entirely upon communications protected by the anti-SLAPP statute and are absolutely privileged pursuant to California Civil Code section 47;

3. None of the statutory exceptions set forth in the anti-SLAPP statute applies in this case; and

4. Plaintiff cannot carry his burden to establish that there is a probability that he will prevail on any of the claims set forth in the complaint; and

5. Plaintiff has asserted a claim for defamation but failed to state that the complaint is not barred by subdivision (a) of California Civil Code section 48.7.

This Motion is based upon this Notice, the following Memorandum, the accompanying Declarations of Brian A. Barnhorst and Bertrand P. Legrand, the files and records in this action, and on such other and further oral and documentary evidence as may be presented at the time of hearing.

Dated:  August 3, 2020                            SAC ATTORNEYS LLP

                                                  By: /s/ *Brian A. Barnhorst*
                                                      James Cai, Esq.
                                                      Brian A. Barnhorst, Esq.
                                                      Attorneys for Defendant,
                                                      BERTRAND P. LEGRAND

{SACATTY/138/02/00020493.DOC}                                                  3:20-cv-03688
NOTICE OF *AMENDED* MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT, MOTION TO DISMISS, AND REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM

3

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | INTRODUCTION | 1 |
| II. | PROCEDURAL BACKGROUND | 1 |
| III. | FACTUAL BACKGROUND | 1 |
| IV. | APPLICABLE LAW REGARDING ANTI-SLAPP | 2 |
| V. | ARGUMENT | 4 |
| | A. All of LEGRAND's Conduct Complained of by Plaintiff Is Protected Activity Under the Anti-SLAPP Statute. | 4 |
| | B. Once It Has Been Established that a Defendant's Conduct Is Covered by the Anti-SLAPP Statute, the Burden Shifts to Plaintiff to Establish a Reasonable Probability of Prevailing on His Claims, Which He Cannot Do. | 6 |
| | 1. First Cause of Action: Defamation (Slander) | 7 |
| | a. The absolute privilege of California Civil Code section 47(b) bars Plaintiff's claim for defamation. | 7 |
| | b. Plaintiff has not alleged specific facts sufficient to state a claim for defamation. | 9 |
| | 2. Second Cause of Action: Intentional Infliction of Emotional Distress | 10 |
| VI. | ATTORNEY'S FEES | 12 |
| VII. | CONCLUSION | 12 |

{SACATTY/138/02/00020493.DOC}　　　　　　　　　　　　　　　　　　　　　　　　　　　3:20-cv-03688

NOTICE OF *AMENDED* MOTION AND SPECIAL MOTION TO STRIKE FIRST AMENDED COMPLAINT, MOTION TO DISMISS, AND REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS; MEMORANDUM

4

# TABLE OF AUTHORITIES

| **Federal Cases** | |
|---|---|
| *Canaday v. Peoples-Perry*, 2017 U.S. Dist. LEXIS 206804 (N.D. Cal. 2017) | 9 |
| *Cenis v. Winco Holdings, Inc.*, 2016 U.S. Dist. LEXIS 107209 (E.D. Cal. 2016) | 9 |
| *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198 (C.D. Cal. 2004) | 10 |
| *Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060 (C.D. Cal. 2008) | 4, 5 |
| *Makaeff v. Trump Univ., LLC*, 715 F.3d 254 (9th Cir. 2013) | 9 |
| *Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001) | 6 |
| *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999) | 6 |

| **Federal Statutes** | |
|---|---|
| FRCP 12 | 4 |
| FRCP 12(e) | 2 |

| **State Cases** | |
|---|---|
| *Adams v. Superior Court*, 2 Cal. App. 4th 521 (1992) | 8 |
| *Baker v. Littman*, 138 Cal. App. 2d 510 (1956) | 8 |
| *Baral v. Schnitt*, 1 Cal. 5th 376 (2016) | 9 |
| *Brown v. Department of Corrections*, 132 Cal. App. 4th 520 (2005) | 8 |
| *Comstock v. Aber*, 212 Cal. App. 4th 931 (2012) | 5, 11 |
| *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873 (2011) | 5 |
| *Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002) | 3 |
| *Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467 (2008) | 3, 4, 6 |
| *Fellows v. National Enquirer, Inc.*, 42 Cal. 3d 234 (1986) | 11 |
| *Flatley v. Mauro*, 39 Cal. 4th 299 (2006) | 8 |
| *Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153 (2011) | 6 |
| *Hecimovich v. Encinal School Parent Teacher Organization*, 203 Cal. App. 4th 450 (2012) | 6 |
| *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228 (2005) | 11 |
| *Ludwig v. Superior Court*, 37 Cal. App. 4th 8 (1995) | 3 |
| *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90 (2004) | 9 |
| *Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611 (2011) | 5 |
| *Profile Structures v. Long Beach Bldg. Material Co.*, 181 Cal. App. 3d 437 (1986) | 7 |
| *Rusheen v. Cohen*, 37 Cal. 4th 1048 (2006) | 3 |
| *Twyford v. Twyford*, 63 Cal. App. 3d 916 (1976) | 7 |
| *Williams v. Taylor*, 129 Cal. App. 3d 745 (1982) | 8 |

| **State Statutes** | |
|---|---|
| Civil Code section 47(b) | 7 |
| Code of Civil Procedure section 425.16 | *passim* |

# I
# INTRODUCTION

For the reasons set forth below, all of the conduct complained of in Plaintiff's First Amended Complaint (the "FAC") arose from acts by Defendant BERTRAND P. LEGRAND ("Defendant" or "LEGRAND") in furtherance of his rights of petition and free speech under the United States Constitution and the California Constitution, and was based entirely upon communications protected by the anti-SLAPP statute.  For a variety of reasons, Plaintiff cannot carry his burden to establish that there is a probability that he will prevail on any of the claims asserted in the FAC:

- LEGRAND's conduct was absolutely privileged pursuant to Civil Code section 47.
- Each of Plaintiff's claims lacks specificity.
- Each cause of action of the FAC fails to state a claim.
- Plaintiff can produce no evidence to support his claims.

# II
# PROCEDURAL BACKGROUND

Plaintiff filed his original complaint on June 3, 2020.  Defendant filed and served his original anti-SLAPP motion on July 14, 2020.  On July 15, 2020, the Court Clerk directed Defendant to re-notice the motion (originally set for August 10, 2020) to comply with the 35-day notice requirement of Local Rule 7-2.  On July 20, 2020, Plaintiff filed the FAC.[6]  Counsel agreed that Plaintiff need not respond to the original motion.  See the accompanying Declaration of Brian A. Barnhorst.

# III
# FACTUAL BACKGROUND

Plaintiff alleges that LEGRAND—both through a request for a temporary restraining order (the "TRO") against Plaintiff and in oral statements made to family members and friends—falsely accused Plaintiff of having molested two of his own daughters, Alaska and Cassandra, when they were children. See FAC at ¶¶6-8.

---

[6] As discussed *infra*, the amended complaint abandons the claim for false light privacy. It appears that the only substantive change is the addition of allegations that, in April of 2019, LEGRAND told a third party that he had "proof that [Plaintiff] is a child molester" (FAC at ¶7) and that, "On information and belief, Legrand also made similar statements to others outside the court process, within the past year." FAC at ¶8.

Another of Plaintiff's daughters, Icie, married LEGRAND in 2005.  FAC at ¶5.  They filed for divorce on March 20, 2019.  *Id.*  On or about April 8, 2019, LEGRAND sought a TRO against Plaintiff, accusing him of stalking LEGRAND and alleging that he feared that Plaintiff—having molested two of his own daughters—was a threat to the four young children of Icie and LEGRAND.  FAC at ¶6.  LEGRAND withdrew his TRO request on or about October 4, 2019.  FAC at ¶ 9.

In the FAC (at ¶7), Plaintiff newly alleges the following: "In late April 2019, Legrand claimed in a telephone call to Patrick Edward McNally ('McNally'), a non-party with no connection to the dissolution action, to have 'proof that Frank is a child molester.' Jones did not discover that Legrand had accused him to McNally of being a child molester until May of 2020."  Plaintiff further alleges—solely on information and belief—that "Legrand also made similar statements to others outside the court process, within the past year."  FAC at ¶8.[7]

## IV

## **APPLICABLE LAW REGARDING ANTI-SLAPP**

California Code of Civil Procedure section 425.16 states in relevant part as follows:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States Constitution or the California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
> . . . .
> (c) (1) Except as provided in paragraph (2), in any action subject to subdivision (b), a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs. If the court finds that a special motion to strike is frivolous or is solely intended to cause unnecessary delay, the court shall award costs and reasonable attorney's fees to a plaintiff prevailing on the motion, pursuant to Section 128.5.

---

[7] It is not clear which statements they are similar *to*. In paragraph 6 of both the original complaint and the FAC, Plaintiff alleged that LEGRAND had accused him in the TRO application of molesting his daughters (as well as that Plaintiff was a threat to LEGRAND's four children and that he was stalking LEGRAND). In the original complaint, this allegation was followed in the same paragraph by the following: "On information and belief, Legrand also made these statements to others, including family members, outside the court process, within the past year." In the FAC, though, paragraph 6 ends with the allegations in the TRO; the next paragraph is the allegation regarding the statement to McNally, and paragraph 8 alleges the following: "On information and belief, Legrand also made similar statements to others outside the court process, within the past year." It is therefore not clear whether the statements to others (now, not including family members) are similar to the allegations of paragraph 6 regarding the TRO or are instead similar to the statement allegedly made to McNally. The FAC is therefore uncertain, vague, and ambiguous.  See FRCP 12(e).

> . . . .
> (e) As used in this section, "act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue" includes: (1) any written or oral statement or writing made before a . . . judicial proceeding, . . . (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body . . . .

Cal. Code Civ. Proc. § 425.16.  The statute "is intended to 'provid[e] a fast and inexpensive unmasking and dismissal of SLAPP's.'" *Ludwig v. Superior Court*, 37 Cal. App. 4th 8, 16 (1995).

*Equilon Enterprises, LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53 (2002), summarizes the analysis on a special motion to strike:

> Section 425.16, subdivision (b)(1) requires the court to engage in a two-step process. First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity.  The moving defendant's burden is to demonstrate that the act or acts of which the plaintiff complains were taken "in furtherance of the [defendant]'s right of petition or free speech under the United States or California Constitution in connection with a public issue," as defined in the statute. (§ 425.16, subd. (b)(1).)  If the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim.  Under section 425.16, subdivision (b)(2), the trial court in making these determinations considers "the pleadings, and supporting and opposing affidavits, stating the facts upon which the liability or defense is based."

*Equilon*, 29 Cal. 4th at 67.

> Under Code of Civil Procedure section 425.16 "[a] cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech . . . shall be subject to a special motion to strike. . . ." "A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike." "Any act" includes communicative conduct such as the filing, funding, and prosecution of a civil action. This includes qualifying acts committed by attorneys in representing clients in litigation.

*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) (citations omitted).

In determining whether a defendant has satisfied its burden under the first prong of the section 425.16 analysis, "the critical consideration is whether the cause of action is based on the defendant's protected free speech or petitioning activity.  The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." *Feldman v. 1100 Park Lane Associates*, 160 Cal. App. 4th 1467, 1478 (2008) (citations and internal quotation marks omitted).  The statute must be construed broadly to ensure the utmost freedom of access to the courts without the fear of being harassed subsequently by derivative tort actions. *Id.* at 1479.

Section 425.16 defines "an act in furtherance of a person's right of petition or free speech under the United States or California Constitution in connection with a public issue," to include statements or writings before a judicial proceeding, or any other official proceeding authorized by law and statements or writings made in connection with an issue under consideration or review by a judicial body. Thus, ***statements, writings, and pleadings in connection with civil litigation are covered by the anti-SLAPP statute,*** and that statute does not require any showing that the litigated matter concerns a matter of public interest. Nor need defendants or cross-defendants bringing an anti-SLAPP motion prove the suit was intended to or actually did chill their speech.

*Feldman*, 160 Cal. App. 4th at 1478 (citations and internal quotation marks omitted; emphasis added).

Of course, in federal court anti-SLAPP motions are necessarily treated a little differently.

Defendants sued in federal courts can bring anti-SLAPP motions to strike state law claims. *Verizon Delaware, Inc. v. Covad Communications Co.*, 377 F.3d 1081, 1091 (9th Cir. 2007). Special procedural rules apply where an anti-SLAPP motion is brought in federal court. *Bulletin Displays, LLC*, 448 F. Supp. 2d at 1180. If a defendant makes an anti-SLAPP motion based on the plaintiff's failure to submit evidence to substantiate its claims, the motion is treated as a motion for summary judgment, and discovery must be developed sufficiently to permit summary judgment under Rule 56. *Id.* This is because to permit a defendant to invoke the Anti-SLAPP statute to require a plaintiff to present evidence to support his claims before an opportunity for discovery would directly conflict with Federal Rule of Civil Procedure 56. *Id.* If an anti-SLAPP motion is based on legal deficiencies in the complaint, a federal court must determine the motion in a manner that complies with the standards set by Federal Rules 8 and 12.

*Lauter v. Anoufrieva*, 642 F. Supp. 2d 1060, 1109 (C.D. Cal. 2008).

Because the instant motion is premised solely on the FAC's legal deficiencies, the Court need only determine whether Plaintiff's claims satisfy FRCP 12.

## V

## ARGUMENT

**A.   All of LEGRAND's Conduct Complained of by Plaintiff Is Protected Activity Under the Anti-SLAPP Statute.**

Step one of the Court's analysis is to determine whether Defendants' conduct was "protected activity" under section 425.16. Here, the anti-SLAPP statute encompasses all of Plaintiff's claims.

The conduct complained of by Plaintiff comes down to the allegation of three distinct acts: (1) LEGRAND filed a request for a TRO in which he alleged that Plaintiff had molested two of his own daughters; (2) LEGRAND allegedly told McNally that LEGRAND had proof that Plaintiff was a child molester; and (3) a generic catch-all allegation on information and belief that LEGRAND made "similar" statements to others.

The anti-SLAPP statute is applicable to causes of action that result from a defendant's oral or written statements "made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law." *Martin v. Inland Empire Utilities Agency*, 198 Cal. App. 4th 611, 623 (2011); Code of Civil Procedure § 425.16, subds.(b)(1) & (e)(1) and (2).  Filing a request for a temporary restraining order is protected by the anti-SLAPP statute as a statement or writing as part of a judicial proceeding or made in connection with an issue under consideration or review by a judicial body. *Digerati Holdings, LLC v. Young Money Entertainment, LLC*, 194 Cal. App. 4th 873, 888 (2011) ("the filing of an application for a temporary restraining order and a motion for preliminary injunction . . . involved a 'written or oral statement or writing made before a . . . judicial proceeding' (§ 425.16, subd. (e)(1)) and therefore constituted protected activity under the anti-SLAPP statute"). LEGRAND's request for a TRO is a quintessential activity covered by the anti-SLAPP statute.

Moreover, the alleged statements that LEGRAND made to McNally and others are covered by the anti-SLAPP statute as "incidental" to the statements made in his request for the TRO, since generic defamatory statements to "friends" are protected as incidental to protected statements. *Comstock v. Aber*, 212 Cal. App. 4th 931 (2012).  The reason for this concept is so "plaintiff cannot frustrate the purposes of the SLAPP statute through a pleading tactic of combining allegations of protected and nonprotected activity under the label of one cause of action." *Id.* at 946.  In *Comstock*, the essence of the defamation was the defendant's statements made to a police officer and a nurse, both of which were determined to be protected by the anti-SLAPP statute; when the defendant made the same statements to her friends later, they were considered incidental to the original protected statements. *Comstock*, 212 Cal. App. 4th at 946.  The rule is the same in federal court.

> Anti-SLAPP motions challenge particular causes of action rather than individual allegations or theories supporting a cause of action. *Bulletin Displays, LLC v. Regency Outdoor Advertising, Inc.*, 448 F. Supp. 2d 1172, 1180 (C.D. Cal. 2006) (citations omitted).  Where a complaint contains both SLAPP and non-SLAPP causes of action, the SLAPP claims alone may be stricken. *Id.* (citation omitted).  A mixed cause of action is subject to the Anti-SLAPP statute if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity. *Salma* [*v. Capon*] 161 Cal. App. 4th [1275] at 1287-88 [(2008)] (plaintiff cannot frustrate purposes of Anti-SLAPP statute through pleading tactic of combining allegations of protected and nonprotected activity under label of one cause of action).

*Lauter*, 642 F. Supp. 2d at 1109.

Here, the essence of the alleged defamatory statements is contained in LEGRAND's request for a TRO, which is explicitly protected activity under the anti-SLAPP statute. LEGRAND's alleged later statements to McNally and others were simply incidental to the prior protected statement. Therefore, those statements are protected as incidental to his protected statement to the court in his TRO application.

Moreover, the Court is to look at the substance of the alleged conduct rather than the particular causes of action pleaded. "The anti-SLAPP statute's definitional focus is not the form of the plaintiff's cause of action but, rather, the defendant's activity that gives rise to his or her asserted liability—and whether that activity constitutes protected speech or petitioning." *Feldman*, 160 Cal. App. 4th at 1478 (citations and internal quotation marks omitted). Thus, whether denominated as defamation or intentional infliction of emotional distress, the essence of Plaintiff's claims is the same, and those claims stand or fall together.

**B.     Once It Has Been Established that a Defendant's Conduct Is Covered by the Anti-SLAPP Statute, the Burden Shifts to Plaintiff to Establish a Reasonable Probability of Prevailing on His Claims, Which He Cannot Do.**

Because all of LEGRAND's conduct was protected activity, under the second prong of the anti-SLAPP analysis the burden shifts to Plaintiff to "show a 'reasonable probability' of prevailing in its claims for those claims to survive dismissal. § 425.16(b); *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 33 Cal. Rptr. 2d 446, 455 (Cal. Ct. App. 1994)." *Metabolife Int'l v. Wornick*, 264 F.3d 832, 840 (9th Cir. 2001). "If a defendant makes a special motion to strike based on alleged deficiencies in the plaintiff's complaint, the motion must be treated in the same manner as a motion under Rule 12(b)(6) except that the attorney's fee provision of § 425.16(c) applies." *Rogers v. Home Shopping Network, Inc.*, 57 F. Supp. 2d 973 (C.D. Cal. 1999).

To defeat an anti-SLAPP motion, a plaintiff must overcome substantive defenses. *Hecimovich v. Encinal School Parent Teacher Organization*, 203 Cal. App. 4th 450, 472 (2012). "A plaintiff cannot establish a probability of prevailing if the litigation privilege precludes the defendant's liability on the claim." *Fremont Reorganizing Corp. v. Faigin*, 198 Cal. App. 4th 1153, 1172 (2011).

/ / / / /

Because, for the reasons set forth below, Plaintiff cannot establish a probability of success on the merits, his claims should be dismissed.

**1.     First Cause of Action: Defamation (Slander)**

Plaintiff cannot establish that there is a probability he will prevail on his claim for defamation, because the absolute privilege of California Civil Code section 47(b) bars his claim, and because—even after amending his complaint in the face of the original anti-SLAPP motion—Plaintiff has not alleged specific facts sufficient to state a claim.

      a.    <u>The absolute privilege of California Civil Code section 47(b) bars Plaintiff's claim for defamation.</u>

LEGRAND's request for a TRO, of course, is covered by the absolute privilege of California Civil Code section 47(b), which Plaintiff seems to acknowledge.[8]

> A privileged publication or broadcast is one made:
> . . . .
> (b) In any . . . (2) judicial proceeding, (3) in any other official proceeding authorized by law, or (4) in the initiation or course of any other proceeding authorized by law and reviewable pursuant to Chapter 2 (commencing with Section 1084) of Title 1 of Part 3 of the Code of Civil Procedure . . . .

Cal. Civ. Code § 47.

> This statute has been interpreted as follows: "[Absolute] privilege in judicial proceedings is afforded only if the following conditions have been met: the publication (1) was made in a judicial proceeding; (2) had some connection or logical relation to the action; (3) was made to achieve the objects of the litigation; and (4) involved litigants or other participants authorized by law."

*Twyford v. Twyford*, 63 Cal. App. 3d 916, 925 (1976) (quoting *Bradley v. Hartford Acc. & Indem. Co.*, 30 Cal. App. 3d 818, 825 (1973)).

> Under Civil Code section 47, subdivision 2, a publication made in a judicial proceeding is absolutely privileged, i.e., the privilege attaches even though the publication was made with actual malice or with intent to do harm. The privilege created by section 47, though part of the statutory law dealing with defamation, has been applied by case law to defeat a variety of tort actions, including abuse of process. Accordingly, if the complaint herein shows on its face that the privilege is applicable, the demurrer was properly sustained.

*Profile Structures v. Long Beach Bldg. Material Co.*, 181 Cal. App. 3d 437, 441 (1986) (citations omitted).

---

[8] In paragraph 13, Plaintiff alleges (emphasis added), "Legrand knew when he published ***the statements outside the court process*** that the statements he made were false . . . ." In paragraph 17, he alleges (emphasis added), "Legrand knew that ***statements made outside the court process*** were false."

> [I]n immunizing participants from liability for torts arising from communications made during judicial proceedings, the law places upon litigants the burden of exposing during trial the bias of witnesses and the falsity of evidence, thereby enhancing the finality of judgments and avoiding an unending roundelay of litigation, an evil far worse than an occasional unfair result.
> To accomplish these objectives, the privilege is an "absolute" privilege, and it bars all tort causes of action except a claim of malicious prosecution.

*Flatley v. Mauro*, 39 Cal. 4th 299, 322 (2006). "Any doubt as to whether the privilege applies is resolved in favor of applying it." *Adams v. Superior Court*, 2 Cal. App. 4th 521, 529 (1992).

The initiation of a judicial proceeding is quintessentially protected activity under Civil Code section 47. See, e.g., *Baker v. Littman*, 138 Cal. App. 2d 510, 514 n.1 (1956) (filing of complaint). "In short, the [Civil Code] section 47(b) absolute privilege applies to 'communications intended to instigate official investigation into [suspected] wrongdoing.' . . . Statements made to prompt an official investigation that may result in the initiation of judicial proceedings fall within the [Civil Code] section 47(b) privilege as well." *Brown v. Department of Corrections*, 132 Cal. App. 4th 520, 526 (2005).

> Section 47, subdivision 2, provides for an absolute privilege with regard to statements made "in any . . . official proceeding authorized by law." In our view, a communication concerning possible wrongdoing, made to an official governmental agency such as a local police department, and which communication is designed to prompt action by that entity, is as much a part of an "official proceeding" as a communication made after an official investigation has commenced. (See *Imig v. Ferrar* (1977) 70 Cal.App.3d 48, 55.) After all, "[the] policy underlying the privilege is to assure utmost freedom of communication between citizens and public authorities whose responsibility it is to investigate and remedy wrong-doing." (*Ibid.*) In order for such investigation to be effective, "there must be an open channel of communication by which citizens can call his attention to suspected wrongdoing. That channel would quickly close if its use subjected the user to a risk of liability for libel. A qualified privilege is inadequate under the circumstances . . . . [Para.] The importance of providing to citizens free and open access to governmental agencies for the reporting of suspected illegal activity outweighs the occasional harm that might befall a defamed individual. Thus the absolute privilege is essential." (*King* v. *Borges* (1972) 28 Cal.App.3d 27, 34.) And, since the privilege provided by section 47, subdivision 2, is absolute, it cannot be defeated by a showing of malice. (*Royer v. Steinberg* (1979) 90 Cal.App.3d 490, 499.)

*Williams v. Taylor*, 129 Cal. App. 3d 745, 753-54 (1982).

Here, LEGRAND filed a petition for a TRO. His conduct was absolutely privileged under Civil Code section 47(b). Because the conduct or communication complained of is subject to the litigation privilege, Plaintiff cannot possibly succeed on his claim for defamation based on the TRO application. Because he cannot show a probability of prevailing on the merits, the anti-SLAPP motion

should be granted and Plaintiff's claim should be dismissed. See *Makaeff v. Trump Univ., LLC*, 715 F.3d 254, 264 (9th Cir. 2013).

The presence in the first cause of action of an allegation that LEGRAND made statements to McNally (and particularly the generic allegation that he made "similar" statements to others) does not change the outcome. The California Supreme Court addressed this very issue in *Baral v. Schnitt*, 1 Cal. 5th 376, 392 (2016), and concluded, "when the defendant seeks to strike particular claims supported by allegations of protected activity that appear alongside other claims within a single cause of action, the motion cannot be defeated by showing a likelihood of success on the claims arising from unprotected activity." *Baral*, 1 Cal. 5th at 392; see also *Canaday v. Peoples-Perry*, 2017 U.S. Dist. LEXIS 206804 (N.D. Cal. 2017) at *10 ("Ms. Canady's decision to plead several statements in each cause of action cannot defeat an anti-SLAPP motion to strike a claim to the extent it is based in part on a protected statement") (citing *Baral*).[9]

      a. <u>Plaintiff has not alleged specific facts sufficient to state a claim for defamation.</u>

> "In ruling on the sufficiency of a state law claim, the court applies federal pleading standards, although the standard for dismissal in state court 'is highly relevant.'" Jacobson v. Schwarzenegger, 357 F. Supp. 2d 1198, 1215 (CD. Cal. Nov. 30, 2004) (citing Church of Scientology of Calif. v. Flynn, 744 F.2d 694, 696 n.2 (9th Cir. 1984)). California law requires that the plaintiff alleging a defamation claim specifically identify the defamatory statement, and plead the substance of that statement. Jacobson, 357 F. Supp. 2d at 1216; see also Okun, 29 Cal. 3d at 458. Even under liberal pleading standards of Federal Civil Procedure Rule 8(a), "general allegations of the defamatory statements that do not identify the substance of what was said are insufficient." Qualls v. Regents of Univ. of California, No. 1:13-CV-00649-LJO, 2013 U.S. Dist. LEXIS 127675, 2013 WL 4828587, at *8 (E.D. Cal. Sept. 6, 2013); see also Chaconas v. JP Morgan Chase Bank, 713 F. Supp. 2d 1180, 1190 (S.D. Cal. 2010); cf Care Plus Ins. Marketing v. Connecticut General Life Ins. Co., No. 1:10-cv-01836 AWI MJS, 2010 U.S. Dist. LEXIS 134892, 2010 WL 5394772, at *5 (E.D. Cal. Dec. 21, 2010) (noting that Fed. R. Civ. Proc. 8(a) applies to defamation claims and that plaintiffs alleging defamation in federal court are not held to the heightened pleading standard of Fed. R. Civ. Proc. 9(b)).

*Cenis v. Winco Holdings, Inc.*, 2016 U.S. Dist. LEXIS 107209 at *9-10 (E.D. Cal. 2016).

---

[9] *Baral* explicitly overruled *Mann v. Quality Old Time Service, Inc.*, 120 Cal. App. 4th 90 (2004), which had held that an anti-SLAPP motion must be overruled if any part of a "mixed" cause of action (i.e., one with privileged and non-privileged claims) can survive. "[T]he *Mann* rule permits artful pleading to evade the reach of the anti-SLAPP statute. By mixing allegations of protected and unprotected activity, the pleader may avoid scrutiny of the claims involving protected activity, as happened in *Mann*." *Baral*, 1 Cal. 5th at 392.

Here, Plaintiff has amended his pleading to allege that LEGRAND told McNally that he, LEGRAND, had "proof that Frank is a child molester." FAC at ¶7. LEGRAND denies that he said this (see the accompanying Declaration of Bertrand P. Legrand at ¶8); however, as Plaintiff himself alleges, LEGRAND contends that Icie had told LEGRAND that Plaintiff had molested two of his own daughters (Icie's sisters), Alaska and Cassandra. See FAC at ¶¶6 and 9. Therefore, even assuming *arguendo* that LEGRAND did make the statement to McNally, that statement was factually correct— LEGRAND did indeed have evidence that Plaintiff had molested his daughters, because that is what Icie had told him.

Even under federal pleading standards, "general allegations of the defamatory statements" that do not identify the substance of what was said are insufficient. *Jacobson v. Schwarzenegger*, 357 F. Supp. 2d 1198, 1216 (C.D. Cal. 2004) (holding that "the words constituting a libel or slander must be specifically identified, if not plead *verbatim*").

Beyond the alleged statement to McNally, Plaintiff has failed to provide any details whatsoever about any other allegedly defamatory statements; indeed, he alleges only *on information and belief* that "Legrand also made similar statements to others outside the court process, within the past year." FAC at ¶8.[10] Plaintiff does not identify what words were stated, to whom they were made, or when they were made. Plaintiff provides no evidence to establish that LEGRAND even made such statements.

Additionally, LEGRAND affirmatively negates any claim of malice. See Legrand Declaration at ¶¶7 & 10.

Since he fails to specifically identify the words constituting the slander, there is no factual basis for Plaintiff's cause of action of defamation, and Plaintiff cannot establish a probability of succeeding on this cause of action. The first cause of action should therefore be stricken.

**2.     Second Cause of Action: Intentional Infliction of Emotional Distress**

This cause of action, like the second cause of action of the original complaint (for false-light privacy), is superfluous since defamation has already been separately pleaded.

---

[10] In the original complaint, Plaintiff alleged that, in addition to the TRO application, out-of-court statements were made "to others, including family members . . . ." Complaint at ¶6; see also ¶12 (Legrand "published the statements to others including family members"). Thus, Plaintiff's allegations have actually become less definite in the FAC.

> In *Flynn v. Higham* (1983) 149 Cal.App.3d 677, the same Court of Appeal that decided the instant case considered whether a false publication concerning a deceased person, barred if brought as a libel action, would support a claim for intentional infliction of emotional distress. The court held that "to allow an independent cause of action for the intentional infliction of emotional distress, based on the same acts which would not support a defamation action, would allow plaintiffs to do indirectly what they could not do directly. It would also render meaningless any defense of truth or privilege." (149 Cal.App.3d at p. 682.)

*Fellows v. National Enquirer, Inc.*, 42 Cal. 3d 234, 244-45 (1986).

Moreover, Plaintiff has not pleaded and cannot establish facts to prevail on a cause of action for intentional infliction of emotional distress. A prima facie case for intentional infliction of emotional distress requires properly pleaded allegations of: "'1) outrageous conduct by the defendant; (2) the defendant's intention of causing or reckless disregard of the probability of causing emotional distress; (3) the plaintiff's suffering severe or extreme emotional distress; and (4) actual and proximate causation of the emotional distress by the defendant's outrageous conduct.'" *Huntingdon Life Sciences, Inc. v. Stop Huntingdon Animal Cruelty USA, Inc.*, 129 Cal. App. 4th 1228, 1259 (2005) (quoting *Trerice v. Blue Cross of America*, 209 Cal. App. 3d 878, 883 (1989). Plaintiff here has properly pleaded none of these elements.

Plaintiff has not provided any specific facts that LEGRAND made any unprivileged defamatory statements about him and thus, Plaintiff cannot establish that LEGRAND engaged in extreme and outrageous conduct with the intent to cause emotional distress. "It is true that Comstock's cross-complaint alleged that Aber's statements were false. But as we confirmed in *Hecimovich*, supra, 203 Cal.App.4th [450] at p. 474 [(2012)], 'plaintiff cannot rely on his pleading at all, even if verified, to demonstrate a probability of success on the merits.'" *Comstock*, 212 Cal. App. 4th at 950.

Because Plaintiff has not properly pleaded and cannot prove a viable claim for intentional infliction of emotional distress, he cannot establish a probability he will prevail on his claim for intentional infliction of emotional distress, and his second cause of action should therefore be stricken.

/ / / / /

/ / / / /

/ / / / /

## VI

## ATTORNEY'S FEES

The anti-SLAPP statute provides that "a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs."  Cal. Code Civ. Proc. § 425.16(c)(1).

Counsel for LEGRAND estimates that they have billed or will bill at least 30 hours on this matter in researching and drafting the original special motion to strike, the memorandum, and Mr. Barnhorst's declaration; reviewing and analyzing the FAC; and preparing this amended motion and LEGRAND's declaration.  Counsel will also need to review and analyze Plaintiff's opposition, prepare a reply in support of the instant motion, and prepare for and attend the hearing on the motion.  Counsel will submit a more final number either in the reply or in a separate fees motion if the Court so requires.  See the accompanying Declaration of Brian A. Barnhorst.

LEGRAND therefore requests an award of attorney's fees of at least $12,000.

## VII

## CONCLUSION

All of the conduct complained of arose from acts by LEGRAND in furtherance of his rights of petition and free speech under the United States Constitution and the California Constitution, and was based entirely upon statements subject to the anti-SLAPP statute.  Plaintiff cannot establish a probability that he will prevail on his claim for defamation or his claim for intentional infliction of emotional distress, because LEGRAND's conduct was absolutely privileged and because Plaintiff's allegations lack the requisite specificity.  Even if Plaintiff could properly plead his claims, he cannot support those allegations with competent and admissible evidence.  For all the reasons set forth, this Motion should be granted and Plaintiff's complaint should be stricken.

Dated:  August 3, 2020               SAC ATTORNEYS LLP

                                     By: /s/ *Brian A. Barnhorst*
                                         James Cai, Esq.
                                         Brian A. Barnhorst, Esq.
                                         Attorneys for Defendant,
                                         BERTRAND P. LEGRAND