United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

FRANKLIN MICHAEL JONES,
Plaintiff,

v.

BERTRAND PAUL LEGRAND,
Defendant.

Case No. 20-cv-03688-SK

**ORDER ON MOTION TO DISMISS AND STRIKE**

Regarding Docket Nos. 12, 21

This matter comes before the Court upon consideration of Defendant Bertrand Paul Legrand's motion for judgment on the pleadings. The Court determines that this matter is appropriate for disposition without oral argument and is deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for September 14, 2020 is HEREBY VACATED. Having carefully considered the parties' papers, relevant legal authority, and the record in the case, the Court hereby GRANTS IN PART and DENIES IN PART Defendant's motion and RESERVES RULING on attorney's fees for the reasons set forth below.

The Court DENIES Plaintiff's request for judicial notice because those documents do not relate to the pending motion, but instead purportedly support allegations which Plaintiff may seek to add to an amended pleading.

**BACKGROUND**

Plaintiff Franklin Michael Jones filed a complaint with the following allegations:

> 5. [Plaintiff]'s daughter Icie married [Defendant] on July 16, 2005, and she filed for dissolution on March 20, 2019. That night, [Defendant] threatened retaliation on Icie, their four children and Icie's family. A contentious court battle ensued.
>
> 6. On or abut [*sic*] April 8, 2019, [Defendant] filed a request in the family law case for a temporary restraining order against [Plaintiff]falsely accusing him, *inter alia*, of stalking [Defendant] and of having molested two of [Plaintiff]'s daughters, Alaska and

> Cassandra, and claiming that [Plaintiff] was a threat to the four young children of Icie and [Defendant]. On information and belief, [Defendant] also made these statements to others, including family members, outside the court process, within the past year.
>
> 7. Alaska and Cassandra each denied under penalty of perjury that [Plaintiff] had molested them or in any way acted inappropriately toward them. [Defendant] admitted in discovery responses under penalty of perjury that he in fact had no personal knowledge that [Plaintiff] had molested his daughters but maintained that Icie had told [Defendant] that [Plaintiff] had molested them. Icie denied under penalty of perjury that she had told this to [Defendant]. [Defendant] withdrew his request for a restraining order against [Plaintiff] on or about October 4, 2019, without admitting his claims were false.
>
> 8. [Plaintiff] did not discover that [Defendant] had falsely accused him to others, outside the court process, of being a child molester until May of 2020.

(Dkt. No. 1.) Based on these allegations, Plaintiff brought a defamation claim and a claim for intentional infliction of emotional distress against Defendant. Plaintiff did not further describe what statements supported his claims. (*Id.*) Defendant filed a motion to strike (referred to as an anti-SLAPP motion) Plaintiff's complaint pursuant to California Civil Procedure Code section 425.16.

Instead of opposing Defendant's motion, Plaintiff filed an amended complaint. In his First Amended Complaint ("FAC"), Plaintiff amended his allegations as follows:

> 5. [Plaintiff]'s daughter Icie married [Defendant] on or about July 16, 2005, and she filed for dissolution on or about March 20, 2019. That night, [Defendant] threatened retaliation on Icie, their four children and Icie's family. A contentious court battle ensued.
>
> 6. On or about April 8, 2019, [Defendant] filed a request in a separate action for a temporary restraining order against [Plaintiff] falsely accusing him, *inter alia*, of stalking [Defendant] and of having molested two of [Plaintiff]'s daughters, Alaska and Cassandra, and claiming that [Plaintiff] was a threat to the four young children of Icie and [Defendant].
>
> 7. In late April 2019, [Defendant] claimed in a telephone call to Patrick Edward McNally ("McNally"), a non-party with no connection to the dissolution action, to have "proof that [Plaintiff] is a child molester." [Plaintiff] did not discover that [Defendant] had accused him to McNally of being a child molester until May of 2020.
>
> 8. On information and belief, [Defendant] also made similar statements to others outside the court process, within the past year.
>
> 9. Alaska and Cassandra have each denied under penalty of perjury that [Plaintiff] molested them or in any way acted inappropriately



United States District Court
Northern District of California

> toward them. [Defendant] admitted in discovery responses under penalty of perjury that he in fact had no firsthand, personal knowledge that [Plaintiff] had molested his daughters but maintained that Icie had told [Defendant] that [Plaintiff] had molested them. Icie has denied under penalty of perjury that she told this to [Defendant]. [Defendant] withdrew his request for a restraining order against [Plaintiff] on or about October 4, 2019, without admitting his claims were false.

(Dkt. No. 11.) In his defamation and intentional infliction of emotional distress claims, Plaintiff referred to Defendant's statements made outside of the court process. (*Id.*, ¶ 13, 17.) Defendant again filed an anti-SLAPP motion to strike Plaintiff's entire amended complaint. (Dkt. No. 12.)

## ANALYSIS

### A. Applicable Legal Standard on Anti-SLAPP Motion (California Civil Procedure Code § 425.16).

California Civil Procedure Code section 425.16 addresses "a disturbing increase" in Strategic Lawsuits Against Public Participation ("SLAPPs"), or suits brought "primarily to chill the valid exercise of the constitutional rights of freedom of speech and petition for the redress of grievances." Cal. Civ. Proc. Code § 425.16(a). Under section 425.16, defendants may bring a "special motion to strike" if a cause of action against them arises "from any act . . . in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue[.]" *Id.* § 425.16(b)(1), (h). A special motion to strike under section 425.16 is commonly referred to as an anti-SLAPP motion.

Courts engage in a two-step process to evaluate an anti-SLAPP motion. *Equilon Enterprises v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002). "First, the court decides whether the defendant has made a threshold showing that the challenged cause of action is one arising from protected activity." *Id.* Second, "[i]f the court finds such a showing has been made, it then determines whether the plaintiff has demonstrated a probability of prevailing on the claim." *Id.* The plaintiff must demonstrate the complaint is both legally sufficient and is supported by a *prima facie* showing of facts sufficient to sustain a favorable judgment if the evidence submitted by the plaintiff is given credit." *Navellier v. Sletten*, 29 Cal. 4th 82, 88-89 (2002).

A party may bring an anti-SLAPP motion to strike state law claims in federal court. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (citing *United States ex. rel.*

*Newsham v. Lockheed Missiles & Space Co.*, 190 F.3d 963, 970-73 (9th Cir. 1999) (holding that there is no direct conflict between the Federal Rules and §§ 425.16(b) and (c), and that adopting California procedural rules serves the purposes of the *Erie* doctrine)).

**B. Defendant's Anti-SLAPP Motion.**

Defendant moves to strike Plaintiff's entire complaint on the grounds that Plaintiff's defamation claim is premised on statements Defendant made in state court. The Anti-SLAPP statute protects "any written or oral statement or writing made before a legislative, executive, or judicial proceeding. Cal. Civ. Proc. Code § 425.16(e)(1).[1]

"[I]t is the principal thrust or gravamen of the plaintiff's cause of action that determines whether the anti-SLAPP statute applies." *Martinez v. Metabolife Internat., Inc.*, 113 Cal. App. 4th 181, 188 (2003). A "mixed cause of action is subject to [the anti-SLAPP statute] if at least one of the underlying acts is protected conduct, unless the allegations of protected conduct are merely incidental to the unprotected activity." *Salma v. Capon*, 161 Cal. App. 4th 1275, 1287 (2008). "[A] defendant in an ordinary private dispute cannot take advantage of the anti-SLAPP statute simply because the complaint contains some references to speech or petitioning activity by the defendant." *Martinez*, 113 Cal. App. 4th at 188.

Here, Plaintiff's allegations in his FAC and his statements about whether he relies on Defendant's alleged statements made in state-court proceedings are vague. Plaintiff alleges that Defendant filed an action against him in state court to request a temporary restraining order, falsely accusing Plaintiff of stalking Defendant, having molested Plaintiff's daughters, being a threat to Defendant's children. (Dkt. No. 11, ¶ 6.) Plaintiff also alleges that, in late April 2019, Defendant called McNally, an individual without any connection to the dissolution action, to have

---

[1] In his reply brief, Defendant argues for the first time that his alleged statement to McNally is also protected activity under subdivision (e)(4) as "other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Civ. Proc. Code § 425.16(e)(4). The Court will not consider an argument raised for the first time in a reply brief. *State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir.1990) (parties "cannot raise a new issue for the first time in their reply briefs") (citations omitted); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir.1996) ("Issues raised for the first time in the reply brief are waived."); *Ass'n of Irritated Residents v. C & R Vanderham Dairy*, 435 F.Supp.2d 1078, 1089 (E.D. Cal.2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief.").

United States District Court
Northern District of California

proof that Plaintiff was a child molester. (*Id.*, ¶ 7.) Plaintiff alleges on information and belief that Defendant made similar statements to others outside the court process, within the past year. (*Id.*, ¶ 8.) Plaintiff then alleges all three of these paragraphs, among others, are part of his defamation claim. (*Id.*, ¶ 10 ("Paragraphs 1-9 are part of this cause of action.").) However, in paragraph thirteen, Plaintiff references only the "statements outside the court process." (*Id.*, ¶ 13.) Thus, to the extent that the claim is based on paragraph 6, the claim is based on protected activity.

Plaintiff's second claim for intentional infliction of emotional distress is also predicated on the above allegations, including paragraph six. (*Id.*, ¶ 16 ("Paragraphs 1-15 are part of this cause of action.").) However, Plaintiff then references only Defendant's "statements made outside the court process." (*Id.*, ¶ 17.)

In response to Defendant's anti-SLAPP motion, Plaintiff argues that Defendant's out-of-court statement is not protected activity but does not explain the inclusion of paragraph six of his FAC that Defendant allegedly made false statements about Plaintiff in the state-court action for a temporary restraining order.

To the extent Plaintiff's claims are premised on Defendant's statements made in the state-court proceeding as alleged in paragraph 6, Defendant has met his burden to show that Plaintiff's claims partially arise from protected activity. However, it appears as though Plaintiff's inclusion of paragraph six stems from sloppy pleading, as opposed to an intent to bring claims against Defendant based, even in part, on his in-court statements.[2] Nevertheless, in order to minimize any confusion, the Court finds that the proper course is to strike paragraph six. The Court denies Defendant's anti-SLAPP motion as to the remainder of Plaintiff's FAC.

**C. Defendant's Motion to Dismiss Under California Civil Code Section 48.7.**

In the notice of his motion, Defendant states that he also moves to dismiss Plaintiff's complaint pursuant to California Civil Code section 48.7, which provides:

[2] Plaintiff argues in his opposition brief that his claims arise from the alleged false statement made "to McNally and other persons outside of and unrelated to the dissolution action. [Plaintiff's] claims are not based on any statements made by [Defendant] during or incidental to the proceedings for the restraining order." (Dkt. No. 15 at 6.)

United States District Court
Northern District of California

> (a) No person charged by indictment, information, or other accusatory pleading of child abuse may bring a civil libel or slander action against the minor, the parent or guardian of the minor, or any witness, based upon any statements made by the minor, parent or guardian, or witness which are reasonably believed to be in furtherance of the prosecution of the criminal charges while the charges are pending before a trial court. The charges are not pending within the meaning of this section after dismissal, after pronouncement of judgment, or during an appeal from a judgment.
>
> . . .
>
> (c) Every complaint for libel or slander based on a statement that the plaintiff committed an act of child abuse shall state that the complaint is not barred by subdivision (a). A failure to include that statement shall be grounds for a demurrer.

Cal. Civ. Code § 48.7. Defendant states that Plaintiff failed to comply with subdivision (c). (Dkt. No. 12 at 2.) However, Defendant does not include any substantive argument in his motion addressing this statute; he only mentions it in his notice. Therefore, Defendant fails to cite any authority to show that this procedural statute is applicable in federal court. Notably, the Court found no federal cases applying this state statute. In the absence of an authority demonstrating that Defendant may raise this state procedural statute in federal court, the Court declines to address Defendant's motion on this ground, to the extent he is genuinely moving on this ground.

**D. Attorney's Fees.**

"[A] prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs." Cal. Civ. Proc. Code § 425.16(c); *see also Ketchum v. Moses*, 24 Cal.4th 1122, 1131 (2001). The district court has broad discretion to determine a reasonable award of attorneys' fees, and must provide "a concise but clear explanation of its reasons for the fee award." *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983); *see also Hall v. Bolger*, 768 F.2d 1148, 1151 (9th Cir. 1985) (court should provide an explanation of the reasonable hours and hourly rate it uses to arrive at fee award). In the Ninth Circuit, reasonable attorneys' fees are determined by first calculating the "lodestar." *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987). "The 'lodestar' is calculated by multiplying the number of hours the prevailing party reasonably expended on the litigation by a reasonable hourly rate." *Morales v. City of San Rafael*, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. *Jordan*, 815 F.2d at 1262. With respect to the number of hours billed,

fees must be awarded only for work reasonably related to the special motion to strike. *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). Fees also are recoverable for the reasonable time spent seeking an award of statutory attorney's fees. *Ketchum*, 24 Cal. 4th at 1141.

In calculating a reasonable number of hours, the applicant must justify his or her claim by submitting detailed time records. *See Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The Court must review time records to determine whether the hours are adequately documented in a manner that can be properly billed directly to clients. *Hensley*,461 U.S. at 433-34. The Court may adjust these hours down if it believes the documentation is inadequate. *Id.* at 433. The Court also must assess whether the hours claimed are vague, block-billed, excessive, and/or duplicative, or whether the hours in their entirety must be reduced because of limited success in the action. *See Cotton v. City of Eureka, Cal.*, 889 F. Supp. 2d 1154, 1176 (N.D. Cal. 2012); *Van Gerwen*, 214 F.3d at 1045.

Defendant has not provided the Court with sufficient documentation to support his request for attorney's fees. Accordingly, the Court RESERVES RULING on Defendant's request for attorney's fees. Defendant shall provide additional support for his request for attorney's fees by no later than September 10, 2020. Plaintiff may respond to Defendant's additional support by no later than September 17, 2020.

**CONCLUSION**

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Defendant's motion. The Court GRANTS the motion to strike paragraph six of Plaintiff's FAC and DENIES the motion to strike and dismiss as to the remainder of Plaintiff's FAC. The Court RESERVES RULING on Defendant's request for attorney's fees.

**IT IS SO ORDERED**.

Dated: August 28, 2020

SALLIE KIM
United States Magistrate Judge

United States District Court
Northern District of California