UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN MICHAEL JONES,<br>Plaintiff,<br>v.<br>BERTRAND PAUL LEGRAND,<br>Defendant. | Case No. 20-cv-03688-SK<br><br>**ORDER REGARDING ATTORNEY'S FEES ON MOTION TO STRIKE**<br><br>Regarding Docket Nos. 12, 29 |

In the Order granting in part and denying in part Defendant's anti-SLAPP motion to strike Plaintiff's complaint, the Court reserved ruling on Defendant's request for attorney's fees. Upon review of the parties' supplemental briefing on that issue, the Court now rules as follows.

"Under California's anti-SLAPP statute, 'a prevailing defendant on a special motion to strike shall be entitled to recover his or her attorney's fees and costs.'" *Manufactured Home Communities, Inc. v. Cnty. of San Diego*, 655 F.3d 1171, 1181 (9th Cir. 2011) (quoting Cal. Civ. Proc. Code § 425.16(c)(1) and citing *ComputerXpress, Inc. v. Jackson*, 93 Cal. App. 4th 993, 1020 (2001)). "[A] party who partially prevails on an anti-SLAPP motion must generally be considered a prevailing party unless the results of the motion were so insignificant that the party did not achieve any practical benefit from bringing the motion." *Mann v. Quality Old Time Serv., Inc.*, 139 Cal. App. 4th 328, 340 (2006); *see also Moran v. Endres*, 135 Cal. App. 4th 952, 956 (2006) ("[W]hen a defendant cannot in any realistic sense be said to have been successful [on an anti-SLAPP motion], fees need not be awarded."). "The crucial question is one of practicality; did anything of substance (technical victories notwithstanding) change in the posture of the case and the claims being lodged against the defendant after it brought the special motion to strike than were in existence beforehand." *Brown v. Elec. Arts, Inc.*, 722 F. Supp. 2d 1148, 1155 (C.D. Cal. 2010); *see also Mann*, 139 Cal. App. 4th at 345 ("The fees awarded to a defendant who was only

partially successful on an anti-SLAPP motion should be commensurate with the extent to which the motion changed the nature and character of the lawsuit in a practical way.").

If a "plaintiff voluntarily dismisses an alleged SLAPP suit while a special motion to strike is pending, the trial court has discretion to determine whether the defendant is the prevailing party for purposes of attorney's fees under" section 425.16(c). *Coltrain v. Shewalte*, 66 Cal. App. 4th 94, 107 (1998). "Similarly, 'a plaintiff cannot amend a pleading to avoid a pending anti-SLAPP motion.'" *Fleming v. Coverstone*, 2009 WL 764940, at *5 (S.D. Cal. Mar. 18, 2009 (quoting *ARP Pharmacy Services*, 138 Cal. App. 4th 1307, 1323 (2006)). Additionally, where work on an earlier anti-SLAPP motion "overlap[s]" with work on a later anti-SLAPP motion, and is "integral" to achieving success on the later successful anti-SLAPP motion, the work on that earlier motion may also be recovered. *See Manufactured Home*, 655 F.3d at 1181.

Here, the Court finds that Plaintiff amended his complaint in response to Defendant's anti-SLAPP motion. Additionally, the Court finds that because Plaintiff's original and amended complaint were substantially similar, Defendant's efforts towards his first anti-SLAPP motion were integral to the success of his second motion. Therefore, to the extent he may be considered the prevailing party, he may be awarded his fees for both motions. Nevertheless, the Court finds that Defendant was only partially successful on his motion to strike and that the results only provided minimal practical benefit.

Of note, Defendant moved to strike Plaintiff's entire complaint, but the Court only struck one paragraph. Additionally, that was a paragraph which the Court noted appeared to stem from sloppy pleading, as opposed to any intent to bring claims against Defendant, even in part, on Defendant's in-court statements. (Dkt. No. 24 at 5.) The Court struck the paragraph alleging Defendant's in-court statement in order to minimize confusion. (*Id.*)

Additionally, the Court notes that although Plaintiff did amend his complaint in response to Defendant's first motion to strike, it appears as though Plaintiff tried to distinguish between Defendant's in-court and out-of-court statements in his original complaint as well. (Dkt. No. 1, ¶¶ 12, 16, 22 (alleging only that Defendant's statements made outside of the court process were false).) Thus, it is not clear if Plaintiff ever intended to bring claims based on Defendant's in-

court statements.

Thus, the nature of Plaintiff's claims and the character of Plaintiff's lawsuit against Defendant did not change much in a practical way as a result of Defendant's motion to strike. Plaintiff always intended to bring his claims against Defendant based on Defendant's out-of-court statements, and those claims remain after the motion to strike. Defendant's motion only changed the nature of Plaintiff's claims to the extent those claims were also premised on Defendant's in-court statements. Due to this ambiguity, Defendant's motion was only partially successful and finds that Defendant should be awarded a proportionate amount of his reasonable attorney's fees. The Court determines Defendant should be awarded twenty percent of his requested attorney's fees.

Of those requested fees, the Court agrees with Plaintiff that Defendant's counsel's initial review of background information from Defendant and correspondence with Defendant about litigation strategy is not recoverable as part of the motion to strike. Plaintiff also argues that the portion of Defendant's amended motion spent on the allegation of McNally's out-of-court statement (one and a half hours) should be deducted. However, by reducing Defendant's requested attorney fees to twenty percent, the Court has already taken into account the extent to which Defendant's motion was not successful and was addressed towards out-of-court statements. Therefore, the Court finds that Defendant's counsel expended 27.25 hours working on both motions to strike and on this motion for attorney's fees at his rate of $400 per hour, for a total of $10,900. The Court awards Defendant twenty percent of this amount – $2,180. Plaintiff shall pay this amount to Defendant by no later than October 14, 2020.

**IT IS SO ORDERED**.

Dated: September 30, 2020

_____
SALLIE KIM
United States Magistrate Judge

3